**Mohammed Nurul ISLAM, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75729.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed Jan. 17, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ahmed M. Abdallah, Esq., Hollywood, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Carl H. McIntyre, Jr., John–Davis, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL and PAEZ, Circuit Judges.

## MEMORANDUM **

Mohammed Nurul Islam, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' order affirming without opinion an immigration judge's decision denying his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing

for substantial evidence, *see Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), we deny the petition for review.

■ Substantial evidence supports the agency's determination that Islam failed to establish a well-founded fear of future persecution. Islam's testimony that he returned to Bangladesh without incident in 1996 and that he did not encounter any problems after relocating to his in-laws' home in 1990 undercuts his claimed fear. *See Belayneh v. INS,* 213 F.3d 488, 491 (9th Cir.2000); *Lata,* 204 F.3d at 1245. Further, Islam's claimed fear is undermined by the agency's individualized analysis of his circumstances in light of current country conditions. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998–1000 (9th Cir.2003).

■ Because Islam failed to prove eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

■ Islam also failed to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he returned to Bangladesh. *See Kamalthas v. INS,* 251 F.3d 1279, 1283–84 (9th Cir.2001).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.